PROYOSTY, J.
This case does not call for any very elaborate discussion, as it involves no disputed point of law, but only facts, and the evidence may be said to be all on one side. Plaintiff sold her plantation to Mark Bluestein, the father-in-law of the defendant Heilpern, on March 6, 1908, and brought this suit on February 14, 1913, to annul the sale on the grounds that she signed the act of sale through the influence and coercion of her husband and thinking that it was only a security for his debts. She alleges that she did not become acquainted with the real facts until long afterwards, and then only from hearsay, and that she then learned that said act evidenced a sale for a price said to have been paid, $1,300 cash, $2,000 by means of four notes of the purchaser secured by mortgage on said property, and $2,500 by the purchaser assuming to pay a mortgage for said amount which some time previously she had given to the defendant Heilpern for a debt of her husband.
The sale is also asked to be annulled on the ground of lesion beyond moiety; but that ground was abandoned in the course of the trial in the lower court.
The facts are that plaintiff gave the $2,-500 mortgage with the authorization of the judge, to obtain advances for her plantation, and that practically all of these advances were made directly to her, she coming to the store of defendant in person for them or having them addressed to her when shipped; that, as the result of overflows followed by the advent of the boll weevil, no crops were being made, and all lands in that neighborhood had become so depreciated that there was practically no sale for them,' and that the defendant brought suit to foreclose his mortgage; that a Mr. Pickett, owner of a plantation in the neighborhood of that of plaintiff, took an interest in plaintiff’s behalf, and induced the defendant to consent very reluctantly to buy the place at private sale; that plaintiff’s husband had abandoned plaintiff months before, and gone to Oklahoma, from whence he had to be asked to return in order to authorize his wife to make the sale; that the transaction was fully explained to plaintiff before she signed the act of sale; that a draft of $1,300 for the cash part of the price was handed her, and was afterwards presented for payment and paid; that the four notes were handed her, and that some five months afterwards she, in person, sold them for $1,800, without her husband taking any part whatever in the transaction, so far as the person who bought them from her knew; that while the sale was made to-Mark Bluestein, the real purchaser was the defendant, the purpose of the substitution being to avoid in that way the giving of a mortgage which the defendant would otherwise have had to give to Bluestein.
Judgment affirmed.